SCHOTT, Chief Judge,
dissenting in part:
I respectfully dissent from that part of the majority opinion dealing with the issue of causation of plaintiffs injuries by the first accident. In summarizing Dr. Levy’s testimony my colleagues state that he found no evidence of acute injury from the May 1986 (the second) accident. In his reasons for judgment the trial judge stated that Levy believed the 1986 accident was of minor significance. The record does not support these findings by my colleagues and the trial judge.
Dr. Levy testified as follows:
Q. You also felt, did you not, Doctor, that the second accident reaggravated the first one and probably tipped her neck over to where it became symptomatic from the second accident and certainly could have bulged the cervical disc ,a little more than before?
A. Yes
Q. Her symptoms became more symptomatic after the second accident?
A. They became more symptomatic.
(Yol. 1, pages 77-78)
>fc * * s¡e jfc *
Q. Doctor, I want you to look in this record. Do you have the Patient’s Information Form from the second automobile accident?
A. Yes.
Q. At that time you noted she had a second stiffness of the neck and shoulder, a burning condition in the lower part of her leg, muscle spasm, occasional pain in the low back. What is the significance of the burning sensation?
A. Usually it is nerve root irritation from the low back.
Q. So, that would indicate a potential pinching of the nerve in the low back in that accident?
A. Right.
Q. You never noted a burning sensation in the low leg in the prior report, Doctor?
A. It was not there.
Q. 'She could very well have had a pinching of the nerve in the second accident?
A. Correct.
[[Image here]]
MR. HALL:
“I think the first one tipped her neck over to where it became symptomatic.” Was that your understanding of Mr. Morrison’s question earlier, the first one tipped it over to make it symptomatic? THE WITNESS:
The way it was worded in the earlier deposition, the answer is really that probably the second accident aggravated the first. I think that the first one tipped the neck over to where it became symptomatic.
EXAMINATION BY MR. HALL:
Q. It is based on reasonable medical probability?
A. By history there is more than one trauma event. I went on to clarify the second accident could have bulged her degenerative disc a little more that it was before.
Q. In the degenerative disc we are talking about, it would have been the cervical or the lumbar area?
A. Well, both areas, actually.
This testimony clearly shows that Dr. Levy thought the second accident aggravated plaintiff’s condition and compels the conclusion that the appellants who caused the first accident should not be held liable for all of plaintiffs damages. Fairness demands that the damages be apportioned between the accidents. While the greater portion of the damages was caused by the first accident, the aggravation of those damages was caused by the second. Consequently, I would reduce the judgment before us by twenty percent.